498 So.2d 194 (1986)
STATE of Louisiana
v.
Theron M. NAVARRE.
No. KA 86 0568.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Walter Reed, Dist. Atty., Covington, for appellee.
George C. Ehmig, Covington, for appellant.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Theron Navarre was charged by bill of information with indecent behavior with a juvenile in violation of LSA-R.S. 14:81. Defendant pled not guilty, and following trial by jury, was convicted as charged. The trial court sentenced defendant to serve a five year term of imprisonment at hard labor to run consecutively with a sentence he was then serving.

FACTS
On Saturday, May 19, 1984 while preparing his five year old daughter for her bath, Carl Galatas noticed evidence of a discharge staining the child's underwear. The following Monday, the child visited her pediatrician, Dr. Duane Williams, who positively identified the child's infection as gonorrhea. He testified at trial that the minimum incubation period for such an infection would be from three to five days and that only rarely would gonorrhea originate from nonsexual contact. It was his opinion that the child had been sexually abused, but not penetrated.
When questioned by her parents, the child became visibly upset. Finally, on Wednesday, May 23, she confided to her aunt, Althea Payton, that, while at Sandy Galatas' house, defendant rubbed his "pee-pee" against her. During the forced intimacy, defendant held her by the throat, called her a "bitch", and threatened to kill her parents if the incident were disclosed.
Sandy Galatas is the first cousin of Carl Galatas and was a neighbor of the child's family at the time of the incident. The defendant and Sandy Galatas had been dating for about five years at the time of the incident. During the week beginning May 13, Sandy served as the victim's babysitter. Odette Galatas, another neighbor, testified that defendant was present at Sandy's house almost every day that week.
*195 Based on the physical findings, the child's statement implicating defendant, and defendant's opportunity for contact with the child, defendant was arrested and charged with the instant offense.
In bringing this appeal, defendant urges three assignments of error. We find merit in assignment of error number one, which is dispositive of the instant appeal.
By means of assignment of error number one (argument number III in brief), defendant contends that the trial court committed reversible error in allowing the introduction into evidence of the video recorded statement of the child victim without submitting her to cross-examination by defendant or otherwise producing her for confrontation. We agree.
The record reflects that, prior to commencement of trial on the merits, the trial court granted a motion by the prosecutor thereby authorizing a videotape recording of an interview of the child victim by an authorized representative of the Louisiana Department of Health and Human Resources in accordance with LSA-R.S. 15:440.1, et seq. The aforementioned statutory provisions allow the admission of a videotaped statement made outside the presence of both prosecution and defense attorneys, under specified circumstances, as long as the child abuse victim is available to testify at trial.
LSA-R.S. 15:440.5, added by Acts 1984, No. 563 § 1, provides:
A. The videotape of an oral statement of the child made before the proceeding begins may be admissible into evidence if:
(1) No attorney for either party was present when the statement was made;
(2) The recording is both visual and oral and is recorded on film or videotape or by other electronic means;
(3) The recording is accurate, has not been altered, and reflects what the witness or victim said;
(4) The statement was not made in response to questioning calculated to lead the child to make a particular statement;
(5) Every voice on the recording is identified;
(6) The person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;
(7) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and
(8) The child is available to testify.
(B) The admission into evidence of the videotape of a child as authorized herein shall not preclude the prosecution from calling the child as a witness or from taking the child's testimony outside of the courtroom as authorized in R.S. 15:283. Nothing in this Section shall be construed to prohibit the defendant's right of confrontation.
The instant statutory scheme treats the videotaped statement as hearsay, not as the functional equivalent of in-court testimony. LSA-R.S. 15:440.3 provides: "The videotape authorized by this Subpart is hereby admissible in evidence as an exception to the hearsay rule." The modification of a state's hearsay rules to create a new exception for the admission of evidence against a defendant will often raise questions of compatibility with the defendant's right to confrontation.[1]
The United States Supreme Court has established general principles for determining whether admission of a given hearsay statement violates the confrontation clause. When the declarant is available to testify at trial, the Court has consistently found hearsay evidence admissible, reasoning that the opportunity to cross-examine the *196 declarant about the content of the out-of-court statement sufficiently tests its reliability. See California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).[2]
In Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), the United States Supreme Court held that past testimony can be admitted only under the same constraints as other hearsay evidence. Thus, when the out-of-court declarant does not testify, hearsay statements are admissible only if the state can show that the declarant is unavailable and that the hearsay evidence bears adequate "indicia of reliability". Id. The state can demonstrate reliability by showing either that the evidence falls within a firmly rooted hearsay exception or that it bears particularized guarantees of trustworthiness. Id.
Under the rules established in Ohio v. Roberts, supra, videotaped testimony would not be admissible unless the child was available to testify at trial or the state could show the child to be unavailable.[3] In very few cases, however, could the state show that a child who was available to testify on videotape is not available to testify at trial. In view of these constitutional limitations to admissibility, the Louisiana legislature wisely conditioned admissibility of the videotape on the availability of the child to testify at trial. LSA-R.S. 15:440.5 A (8).
The record reflects that the trial judge, the prosecutor, and defense counsel retired to chambers prior to swearing of the first witness. The purpose of their meeting outside the presence of the jury was to review the child's videotaped statement. During argument, the prosecutor urged that § 15:440.5 authorizes use of the videotape at trial without necessity of the child's appearing in court. Over strenuous objection by defense counsel, the trial judge agreed, noting that defendant would be allowed to cross-examine the child only if the state solicited additional testimony, either by direct examination of the witness in court or by direct examination conducted via closed circuit television transmission in accordance with LSA-R.S. 15:283.
Actual cross-examination, of course, is not essential if the opportunity was afforded and waived. The record before us does not disclose a waiver by defendant of his right to cross-examine the child. To the contrary, the trial judge's ruling in chambers foreclosed any successful attempt by defendant to confront the child witness.

DECREE
For the foregoing reasons, the conviction and sentence are set aside. The case is remanded to the district court for a new trial.
REVERSED AND REMANDED.
NOTES
[1] The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." In Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), the federal right to confrontation was made binding on the states through the Fourteenth Amendment. The Louisiana Constitution of 1974, Art. 1, § 16 also guarantees the defendant's right of confrontation.
[2] "[T]he inability to cross-examine the witness at the time he made his prior statement cannot easily be shown to be of crucial significance as long as the defendant is assured of full and effective cross-examination at the time of trial." 90 S.Ct. at 1935.
[3] The requirement of unavailability reflects a balancing of competing interests: on the one hand, the defendant has the right to confront the declarant when at all possible, on the other hand, when confrontation is not possible, the prosecution may present hearsay evidence rather than no evidence at all. Therefore, the state must demonstrate the impossibility of in-court testimony to justify frustrating the defendant's clear interests in confronting and cross-examining the witness. Id.