514 So.2d 759 (1987)
STATE of Louisiana In the Interest of R.C. JR.
No. 19360-CAJ.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1987.
Writ Denied; Stay Vacated December 18, 1987.
Herman L. Lawson, Mansfield, for appellant.
*760 Don Burkett, Dist. Atty., Mansfield, for appellee.
Before HALL, MARVIN and NORRIS, JJ.
NORRIS, Judge.
The juvenile, R.C. Jr., was charged by petition with the delinquent act of attempted aggravated rape of a five-year old child, LSA-R.S. 14:27, 42. The state prepared and tendered for admission at the adjudication hearing a videotaped interview of the victim in accordance with LSA-R.S. 15:440.5. At the first part of the hearing, the victim took the stand but refused to testify about particulars of the alleged incident either on direct or on cross-examination. The trial court then declared the witness unavailable for cross-examination and prohibited the use of the videotape at trial. Through the state's writ application we approved the trial court's action. State in the interest of R.C., 494 So.2d 1350 (La. App. 2d Cir.1986). When the court resumed the adjudication hearing over seven months later, the state placed the victim on the stand despite an apparent finding that a rule of sequestration had been violated. The victim testified, was thoroughly cross-examined, and gave a detailed description of the incident. The videotape was then ruled admissible. The court subsequently adjudicated the juvenile a delinquent and entered a judgment of disposition placing him on supervised probation for a period not to exceed his twenty-first birthday; and apparently as a condition of probation, committing him to the Cool Springs Boys Home for a period of not less than three months, during which time he was to continue his training at the Vo-Tech. From this judgment of disposition, the juvenile has appealed, urging two assignments of error:
1. The videotaping statute, R.S. 15:440.1 et seq., is unconstitutional.
2. The trial court erred in allowing the minor victim to testify despite a finding that the rule of sequestration had been violated.
For the reasons expressed, we affirm.

ASSIGNMENT NO. 2
At the first part of the adjudication hearing in April 1986, the victim identified the juvenile, R.C. Jr., and testified that he had pulled her pants down, but she was unwilling to proceed with any further testimony about the incident, either on direct or cross-examination. The trial court granted a stay so the state could apply for writs on the admissibility of the videotape. It had earlier imposed the rule of sequestration. Prev. R. p. 60-61. When the hearing resumed in November 1986, the victim was asked both on direct examination and on cross, several questions designed to expose whether she had been influenced by anyone while the stay was in effect. She admitted that both her mother and father had talked to her about the case during this time, as well as a physician in Shreveport. However, she testified that when she spoke to them, she chiefly told them what had happened. Her mother asked her why R.C. Jr. did it; her father told her not to let it happen again; and the physician told her he was "helping" her. They all told her she needed to testify, and she stated that she was trying to "get it over with." R. p. 42.
The victim then moved to the particulars of the incident, including a thorough cross-examination. This testimony was very incriminating against the juvenile and clearly establishes the necessary elements of the offense.[1]
Citing the rule of sequestration, R.C. Jr.'s counsel objected to letting the victim testify after she admitted to talking to people about the case. The court overruled the objection, explaining that the state was entitled to use reasonable means to address the young victim's fears and natural qualms about testifying, and finding no evidence that she was prompted or misled. R. p.p. 38-39.
*761 The rule of sequestration prohibits a witness from discussing the facts of the case with anyone other than counsel in the case. LSA-C.J.P. art. 69; LSA-C.Cr.P. art. 764. The purpose of sequestration is to assure that a witness will testify as to his or her own knowledge of the case without being influenced by others, and to strengthen the role of cross-examination in developing the facts. State v. Bias, 337 So.2d 426 (La.1976); State v. Wilkerson, 448 So.2d 1355 (La.App. 2d Cir.1984), writ denied 450 So.2d 361 (La.1984). However, not every violation of a sequestration order mandates the exclusion of the witness's testimony; the decision to qualify the witness lies in the sound discretion of the trial judge. State v. Bias, supra; State v. Badon, 338 So.2d 665 (La.1976); C.Cr.P. art. 764. An appellate court will look to the facts of the individual case to determine whether the violation resulted in prejudice, State v. Ardoin, 340 So.2d 1362 (La.1976), and whether the exposure was sufficient to affect the witness's testimony or to undermine the opposing party's ability to cross-examine. State v. Bias, supra.
There are no grounds for concluding that the trial court abused its discretion in this case. In response to every question, the witness testified that the discussions with her parents and the physician were intended to induce her to testify. This form of "influence" is unobjectionable because it promoted the introduction of essential testimony for the purpose of developing the facts. State v. Bias, supra. The record does not reflect that anyone tried to make her change her story, and the juvenile has not claimed that her testimony differed from the prior statement that was preserved on videotape. Cross-examination was thorough, and the witness's responses were pertinent and factual. We can discern no prejudice stemming from this violation of the sequestration rule. This assignment does not present reversible error.

ASSIGNMENT NO. 1
By his first assignment, the juvenile contends that the statute providing for the videotaping of young victims of sexual abuse, LSA-R.S. 15:440.1 et seq., is unconstitutional because it violates his right of confrontation. He cites two cases from Texas that have declared a similar statute of that state unconstitutional on confrontation grounds. Powell v. State, 694 S.W.2d 416 (Tex.App. 5th Dist.1985); Long v. State, 694 S.W.2d 185 (Tex.App. 5th Dist. 1985).[2] Without elaboration, he argues in brief as he did at trial, only that the procedure violated his right of confrontation. R. p. 54. We have therefore approached the issue in terms of confrontation and cross-examination.
Louisiana's statute authorizes the use of videotape to record the statement of a child who is allegedly the victim of child abuse. R.S. 15:440.4 sets the requirements for preparing a videotape.[3] R.S. 15:440.5 then provides the requirements for admitting *762 the tape into evidence. It provides as follows:
§ 440.5. Admissibility
A. The videotape of an oral statement of the child made before the proceeding begins may be admissible into evidence if:
(1) No attorney for either party was present when the statement was made;
(2) The recording is both visual and oral and is recorded on film or videotape or by other electronic means;
(3) The recording is accurate, has not been altered, and reflects what the witness or victim said;
(4) The statement was not made in response to questioning calculated to lead the child to make a particular statement;
(5) Every voice on the recording is identified;
(6) The person conducting the interview of the child in the recording is present at the proceeding and available to testify or be cross-examined by either party;
(7) The defendant or the attorney for the defendant is afforded an opportunity to view the recording before it is offered into evidence; and
(8) The child is available to testify.

B. The admission into evidence of the videotape of a child as authorized herein shall not preclude the prosecution from calling the child as a witness or from taking the child's testimony outside of the courtroom as authorized in R.S. 15:283. Nothing in this section shall be construed to prohibit the defendant's right of confrontation. (emphasis added). Added by Acts 1984, No. 563, § 1.
The U.S. Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." U.S.C. A.-Const.Amend. 6. The state Constitution similarly provides, "An accused is entitled to confront and cross-examine the witnesses against him * * *." LSA-Const. Art. 1 § 16. Our state's specific inclusion of cross-examination in addition to confrontation obviates any need of asserting the former's validity through judicial analysis. See, e.g., Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974).
The right of confrontation developed largely in response to the problem of hearsay evidence. The Constitutional right may be said to have evolved from the hearsay rule. See 5 Wigmore, Evidence § 1364 (Chadbourne rev. 1974). Prior to the hearsay rule, trials could be conducted by means of ex parte depositions, both sworn and unsworn, but this type of evidence was gradually perceived as untrustworthy and prone to error. The primary purpose of the hearsay rule was to assure cross-examination of the declarant. Id., § 1365. The Supreme Court, in interpreting the Confrontation Clause, has stated that the hearsay rule and the right of confrontation serve the same values but that not every statement meeting the criteria of hearsay evidence is constitutionally objectionable for lack of confrontation. Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).
The videotape at issue in this case, recorded pursuant to the procedures set forth in the statute and ruled admissible in evidence, was an out-of-court statement offered and accepted to prove the truth of the matter asserted therein. It was therefore hearsay. Ohio v. Roberts, supra; Mattox v. United States, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895); State v. Joseph, 425 So.2d 1261 (La.1983); see also Proposed Louisiana Code of Evidence, Rule 801C. Hearsay evidence is generally inadmissible. LSA-R.S. 15:434. However, the child videotaping statute establishes an exception for this kind of evidence. LSA-R.S. 15:440.3; State v. Navarre, 498 So.2d 194 (La.App. 1st Cir.1986). The issue is whether the statute, by authorizing the admission of this hearsay evidence, impermissibly abridges the accused's constitutional right to cross-examine the declarant.
The United States Supreme Court examined the contours of cross-examination and the hearsay rule in its landmark decision of California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). In Green, the Court identified three functions of confrontation *763 as (1) to assure that the witness will testify under oath, (2) to assure that there will be an opportunity for the defendant to cross-examine his accusers, and (3) to assure that the jury will be permitted to assess the demeanor of the accusing witness. Id., 399 U.S. at 158, 26 L.Ed.2d at 497. The Court held that these purposes of the Confrontation Clause were satisfied and the defendant's rights were "not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination," even though the prior accusatory statement might not have been made when the declarant was testifying as a witness and subject to full and effective cross-examination. Id. In effect, the out-of-court statement is infused with new vitality when the declarant is present and subject to cross-examination. This is precisely the kind of subsequent cross-examination that R.S. 15:440.5 provides.
The Supreme Court specifically rejected California's jurisprudence which held that "belated" cross-examination at trial could never adequately substitute for cross-examination contemporaneous with the original testimony. People v. Johnson, 68 Cal.2d 646, 68 Cal.Rptr. 599, 441 P.2d 111 (1968), cert. denied 393 U.S. 1051, 89 S.Ct. 679, 21 L.Ed.2d 693 (1969). We feel that this California jurisprudence accurately summarizes the juvenile's position in the instant case; the Supreme Court's repudiation of it disposes of the juvenile's argument. Under Green, the victim's availability and cross-examination at trial cured any defect attendant upon videotaping the statement without the benefit of cross-examination.
The theoretical underpinning of cases like Green and Ohio v. Roberts, supra, is that the hearsay rule is not co-extensive with the Confrontation Clause. The legislature has the authority to create new rules of evidence unless they conflict with constitutional guarantees. Salsburg v. Maryland, 346 U.S. 545, 74 S.Ct. 280, 98 L.Ed. 281 (1954); State v. Navarre, supra. The videotaping statute does not conflict with the Confrontation Clause as interpreted by the Supreme Court in Green, supra; we therefore perceive no unconstitutionality in admitting the videotape, provided the statutory guidelines are scrupulously followed. State in the interest of R.C., supra; State v. Feazell, 486 So.2d 327 (La.App. 3d Cir. 1986), writ denied 491 So.2d 20 (La.1986); Comment, Televised Testimony vs. The Confrontation Clause ... The Use of Videotapes in the Prosecution of Child Sexual Abuse Cases, 23 Hous.L.Rev. 1215, 1228 (1986).
The statute seeks to enhance the accused's right of effective cross-examination by affording him the opportunity to view the tape before it is offered in evidence. R.S. 15:440.5 A(7). In fact, two of our appellate courts have already held that when the statute is carefully complied with and the videotaped victim is subject to effective cross-examination, there is no violation of the defendant's constitutional rights. State v. Guidroz, 498 So.2d 108 (La.App. 5th Cir.1986); State v. Feazell, supra.
Admittedly the Texas decisions on which the juvenile relies have reached the opposite conclusion, but we find these decisions hard to square with the holding of California v. Green, supra, both in its general pronouncements and its repudiation of the argument advanced in People v. Johnson, supra. We also find the logic of the Texas Court of Criminal Appeals in Long v. State, supra, to be rather strained in its effort to circumvent Green and, therefore, not persuasive.
We further note that the Louisiana statute provides a measure of reliability for the videotaped statement. LSA-R.S. 15:440.4 prohibits the use of leading questions, requires an accurate recording of the statement and prescribes that the statement be voluntary. Even though the statement is to be taped without cross-examination, it is not devoid of indicia of reliability.
The statutory scheme offers one other provision which might arguably offend the Confrontation Clause. In subsection *764 440.5B,[4] it permits the young victim to testify at trial via closed circuit television, keeping the defendant out of the victim's sight and hearing albeit under conditions that enable him to consult with his attorney during cross-examination. In the instant case, the state initially requested the benefit of this provision but it was ultimately not utilized with the exception that the juvenile was requested to move some ten feet down the counsel table so his presence in the courtroom would be less intimidating to the victim. Defense counsel did, however, lodge an objection to this procedure.
The Supreme Court has repeatedly construed the Confrontation Clause to afford face-to-face confrontation at trial. California v. Green, supra; Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965); Dowdell v. United States, 221 U.S. 325, 31 S.Ct. 590, 55 L.Ed. 753 (1911). However, the Court has simultaneously recognized that competing interests, if "closely examined," may warrant dispensing with physical confrontation at trial. Ohio v. Roberts, supra; Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Every jurisdiction has a strong interest in effective law enforcement and in developing rules of evidence for criminal proceedings. Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, 90 ALR 575 (1934). The state also has a compelling interest in safeguarding the physical and psychological well-being of minor victims of sex crimes. Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982).
In balancing a defendant's confrontational rights against a valid competing interest, courts have focused on two requirements that must be satisfied before the right of confrontation is relaxed. These are necessity for the procedure and assurance of reliability. Ohio v. Roberts, supra; State v. Monroe, 345 So.2d 1185 (La.1977).
The question of reliability is easily answered. R.S. 15:283 preserves all the essential elements of confrontationthe oath, the opportunity to observe the witness's demeanor, and the right to cross-examine. Under these circumstances, the accused's right to confront the witness face-to-face is not critical to the purposes of confrontation and cross-examination. This is substantial compliance. Ohio v. Roberts, supra; State v. Daniels, 484 So.2d 941 (La.App. 1st Cir.1986).
On the question of necessity, we cite the state's interest in effective law enforcement and in safeguarding the well-being of minors. The pervasiveness of child abuse is fairly well documented. See Comment, 23 Hous.L.Rev. 1215; State v. Sheppard, 197 N.J.Super. 411, 484 A.2d 1330 (1984), and citations therein. We are impressed by R.S. 15:283's provision that closed circuit transmission of testimony is authorized "when justice requires." In essence, this prevents a broad-brush abridgment of confrontation in all cases, but permits the court to decide on the facts of each case whether the interest is compelling enough to justify applying the statute. This removes the defect that was fatal to the *765 statute in Globe Newspaper Co., supra, and answers a substantial criticism lodged by one commentator. See Comment, Televised Trials and Fundamental Fairness: The Constitutionality of Louisiana's Child Shield Law, 61 Tul.L.Rev. 141, 159 (1986). In sum, we join our brethren of the First Circuit in concluding that R.S. 15:283 is not an unconstitutional infringement on the right of confrontation. State v. Daniels, supra.
In conclusion, we hold that the child videotaping statute, R.S. 15:440.1 et seq., does not unconstitutionally deny the juvenile his right of confrontation and cross-examination under the sixth amendment and under LSA-Const. art. 1 § 16. Furthermore, the juvenile's rights were not unconstitutionally abridged by the conduct of this adjudication proceeding. This assignment does not present reversible error.
For the reasons assigned, the adjudication and disposition are affirmed.
AFFIRMED.
NOTES
[1] Her testimony reveals, in essence, that R.C. Jr. told her, "Let's play a game." He then pulled down her pants, pulled down his own pants, sat on her legs and stuck his "worm" in her "hiney." R. p.p. 45-46; 50. After this, he "just wetted a little * * * on the bed." R. p. 46.
[2] Since then the Court of Criminal Appeals has affirmed Long v. State (Tex.Cr.App.1987). A motion for rehearing is currently pending.
[3] § 440.4. Method of recording videotape; competency

A. A videotape of a child fourteen years of age or under may be offered in evidence either for or against a defendant charged with the rape or physical or sexual abuse of a child. To render such a videotape competent evidence, it must be satisfactorily proved:
(1) That electronic recording was voluntarily made by the victim of the physical or sexual abuse.
(2) That no relative of the victim of the physical or sexual abuse was present in the room where the recording was made.
(3) That such recording was not made of answers to interrogatories calculated to lead the child to make any particular statement.
(4) That the recording is accurate, has not been altered, and reflects what the witness or victim said.
(5) That the taking of the child's statement was supervised by a physician, a board-certified social worker, a law enforcement officer, a licensed psychologist, or an authorized representative of the Department of Health and Human Resources.
B. The department shall develop and promulgate regulations on or before September 12, 1984, regarding training requirements and certification for department personnel designated in Paragraph (A)(5) who supervise the taking of the child's statement.
[4] Subsection 440.5B refers to LSA-R.S. 15:283, which provides:

§ 283. Victims of child abuse; testimony taken outside courtroom
A. On its own motion or on the motion of the attorney for any party, a court may order when justice so requires that the testimony of a child under fourteen years of age who may have been physically or sexually abused be taken in a room other than the courtroom and be simultaneously televised by closed circuit television to the court and jury. The only persons who may be present in the room with the child are the person or persons operating the audio-video equipment, the presiding judge, the attorneys for the state and defendant, the defendant, and any person, other than a relative of the child, whose presence is determined by the court to be necessary to he welfare and well-being of the child during his testimony. Only the attorneys, or the presiding judge as authorized by law, may question the child.
B. The persons operating the equipment shall be confined to an adjacent room or behind a screen or mirror that permits them to see and hear the child during his testimony but does not permit the child to see or hear them. The court shall ensure that the child cannot see or hear the defendant unless such viewing or hearing is requested for purposes of identification. The court shall also ensure that the defendant is afforded the ability to consult with his attorney during the testimony of the child.