352 So.2d 1011 (1977)
STATE of Louisiana
v.
Ruben BIAS.
No. 59695.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*1012 James B. Supple, Franklin, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On our first review of this armed robbery conviction we found potentially reversible error in the trial court's refusal to consider evidence that intoxication affected the voluntariness of defendant's oral inculpatory statement. Since there was no other trial error, we remanded for another hearing on the voluntariness of defendant's statement. State v. Bias, 337 So.2d 426 (La.1976).
After hearing testimony by defense witnesses and State rebuttal witnesses, the district court found that the statement had been made voluntarily. Defendant appealed and contends that the trial court erred in ruling that the defendant's statement was admissible because the State failed to prove beyond a reasonable doubt that it had been made voluntarily.
We agree with the defendant that the State must prove affirmatively and beyond a reasonable doubt that the inculpatory statement was made freely and voluntarily. La.R.S. 15:451-52; La.C.Cr.P. art. 703(C); State v. Trudell, 350 So.2d 658 (La. 1977); State v. Glover, 343 So.2d 118 (La. 1977). However, in reviewing the trial judge's application of this standard to the evidence his conclusions on credibility are entitled to the respect due those made by one who saw the witnesses and heard them testify. State v. Adams, 347 So.2d 195 (La. 1977); State v. Ross, 343 So.2d 722 (La. 1977); State v. Simmons, 340 So.2d 1357 (La.1976); State v. Hills, 337 So.2d 1155 (La.1976).
When we assess the evidence taken in the district court on this issue with these principles in mind, we find that the trial judge did not commit error. Testimony adduced at the evidentiary hearing indicated that, although the defendant had been drinking on the evening of his arrest, he had not consumed any alcoholic liquids for several hours prior to his interrogation. Further, the defendant demonstrated at the hearing through his remarkable recall of that evening's events that he probably was not so inebriated that his will was overborne or that his statement was rendered *1013 involuntary. The police officers who testified for the prosecution stated that defendant was not noticeably intoxicated at the time of his arrest and that he appeared to be well oriented and to understand his rights. The district judge in his oral remarks indicated that he considered the testimony of the defendant, his father and his friends to have been colored by his predicament. There is a sufficient basis in the evidence to justify the district judge's decision to discount or disregard the testimony of these witnesses.
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
SANDERS, C. J., concurs.