SAVOIE, Judge.
Defendant, Danny O. Myles, was indicted by a grand jury under L.S.A.-R.S. 14:30.1 for second degree murder. He pled not guilty and not guilty by reason of insanity. A lunacy hearing was held. Defendant was found sane and able to stand trial. Thereafter, defendant was tried by a jury, found guilty as charged, and sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. He appeals his conviction. We affirm.
On December 30, 1981, defendant, a construction laborer, went to his jobsite at North Lake Shopping Center in Mandeville, *651 Louisiana. When he entered the jobsite, he was carrying an almost empty bottle of wine. Therein he encountered Mr. George Stiles, a foreman, who abrasively reprimanded the defendant for entering the construction site with a bottle of wine. A verbal confrontation ensued with the defendant refusing to either leave the jobsite or dispose of the bottle of wine. Mr. Stiles then called upon a second foreman who, in a more courteous manner, told defendant that alcoholic beverages were not allowed on the premises. Defendant then left the jobsite.
Approximately two and one-half hours later, the defendant returned to the jobsite and encountered a friend and co-worker, Mr. Whitaker. Mr. Whitaker saw defendant was carrying two handguns and believed defendant intended to harm Mr. Stiles. Defendant then spotted Mr. Stiles standing with several other employees. He walked directly up to Mr. Stiles, cursed him, attempted to strike him, then drew a .38 caliber pistol and shot Mr. Stiles six times, killing him instantly.
After the shooting, the defendant casually left the scene until he met the project supervisor, Mr. Walton LeBlanc. After advising Mr. LeBlanc that he had just shot a man, the defendant continued his leisurely departure from the jobsite. Approximately 10 minutes later, he was arrested. At the time of arrest, he had on his person the emptied 6-shot .38 caliber revolver used in the shooting, as well as a cocked .25 caliber pistol, with one live shell in its chamber.
Subsequently, the defendant was tried by a jury and found guilty of second degree murder. From this conviction, defendant appeals.
Defendant claims the trial court erred in: (1) admitting into evidence a photograph of the decedent; (2) denying defendant’s motion for a new trial when the evidence was insufficient to find the required specific intent to convict; and (3) denying defendant’s motion for judgment of acquittal or, in the alternative, for modification of the verdict where the evidence was insufficient to find the necessary specific intent to convict.
ASSIGNMENT OF ERROR NO. 1
Defendant argues that the trial court erred in admitting into evidence a photograph of the decedent. Defendant’s complaints as to the admissibility of photographs of the victim are waived by permitting their introduction without objection at trial. L.S.A.-C.Cr.P. 841; State v. Hoffpauir, 355 So.2d 929 (La.1978).
Here, decedent’s photograph marked S-2, to which defendant had objected, was removed from the evidence and another photograph marked S-7 was entered without objection. In fact, after the court allowed the substitution, defense counsel stated, “I would have no objection to their introduction, Your Honor.”
Accordingly, this assignment of error has no merit.
ASSIGNMENTS OF ERROR NOS. 2 AND 3
Under Assignments of Error Nos. 2 and 3, defendant alleges his intoxication at the time of the offense precluded his ability to formulate the specific intent required to find him guilty of second degree murder.[1] His defense is based on L.S.A.-R.S. 14:15 which reads, in pertinent part, as follows:
“The fact of an intoxicated or drugged condition of the offender at the time of the commission of the crime is immaterial, except as follows:
* * * * * *
“(2) Where the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific *652 criminal intent or of specific knowledge required in a particular crime, this fact constitutes a defense to a prosecution for that crime.”
Voluntary intoxication does not excuse the defendant of the crime, but it can be a defense to a crime which requires specific intent or special knowledge if the intoxication precluded the capacity to form that intent. State v. Burge, 362 So.2d 1371 (La.1978). Specific intent is that state of mind in which “the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.” L.S.A.-R.S. 14:10(1).
Here, the trial court found that the defendant actively desired the prescribed criminal consequences to follow his actions. According to Mr. Whitaker, a co-worker of defendant, the defendant returned to the jobsite to harm Mr. Stiles. The record shows that the defendant was armed and seeking Mr. Stiles prior to locating him. Further, it shows the defendant observed Mr. Stiles standing with a group of workers and walked directly toward him, subsequently attempting to strike Mr. Stiles. When this failed, the defendant shot Mr. Stiles 6 times. Then he turned and walked casually away from the scene.
The only witness to testify concerning the amount of alcohol consumed by the defendant was Mr. Raymond Winston, defendant’s friend. Winston stated that between defendant’s initial visit to the jobsite and his return about 2½ to 3 hours later, the defendant consumed some wine, a quart of beer, ½ quart of vodka and some scotch. Winston further stated that the defendant was disoriented, staggering and unable to stand up.
Contrarily, the state introduced the testimony of seven different witnesses, all of whom observed the defendant either immediately prior to, during or immediately after the killing of Mr. Stiles. Each of these witnesses testified that the defendant spoke clearly and appeared neither drunk nor disoriented. Further, they testified that defendant gave no impression of being totally under the influence of alcohol.
Our standard of review has been set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and recently affirmed in State v. Graham, 422 So.2d 123 (La.1982) to be: Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved every essential element of the crime beyond a reasonable doubt.
We find that a rational trier of fact could conclude beyond a reasonable doubt that the defendant actively desired the prescribed criminal consequences to follow his actions. Thus, he had the requisite specific intent for the offense committed.
For the above and foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.

. L.S.A.-R.S. 14:30.1 states:
“Second degree murder is the killing of a human being:
“1) When the offender has a specific intent to kill or to inflict great bodily harm; or
“2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
“Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.”