471 So.2d 1035 (1985)
STATE of Louisiana
v.
Warren ROBINSON.
No. 84 KA 1525.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*1037 Ossie Brown, Dist. Atty. by Brett Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff appellee.
Johnny Wellons, Baton Rouge, for defendant appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
Warren Robinson (defendant) was indicted on three counts of aggravated rape (LSA-R.S. 14:42). Two counts were severed, and a jury trial was held on Count III. Defendant was convicted as charged and sentenced to life in prison at hard labor without probation, parole or suspension of sentence. Defendant has appealed, alleging five assignments of error.
In the early morning hours of September 20, 1983, a 63-year-old widow was raped and forced to perform oral sex by a young male wearing a stocking mask and armed with a large knife. The attack occurred in a bedroom of the victim's home in the Howell Park area of Baton Rouge, Louisiana. After the attack, the victim managed to escape from the house while the intruder searched for money in a bedroom of the house. Prior to the arrival of the police, he fled.
A bulletin was broadcast over police radio describing the rapist as a black male, approximately 5'6" to 5'10", wearing a pullover type T-shirt and cut-off pants. Approximately fifteen minutes later, while enroute to the scene, K-9 Officer Terry Millican observed a black male who fit the description proceeding in the opposite direction on a bicycle in the inside lane of a four-lane roadway. Millican turned his police unit around, drove up on the suspect's right side and told him he wanted to speak to him. The man jumped off the bicycle, fled and dropped a cannister containing coins. Millican and his dog pursued the suspect but he escaped over a fence that was too high for Millican's dog to negotiate. Prior to climbing over the fence, the suspect turned and faced Millican briefly. This, coupled with the encounter on the roadway, gave Millican ample opportunity to view the subject's face. Furthermore, he noticed the subject was wearing a "tweed Bebob British cap." He also got a brief glimpse of what appeared to be a weapon of some sort in the suspect's right hand.
At the scene of the chase, the officers recovered a bicycle, a cannister containing coins, and some slip-on sandals the suspect had been wearing. Also, a large butcher knife was recovered from the fenced yard through which the suspect escaped.
*1038 Fingerprints were obtained from the edge of a window screen which had been removed by the rapist to gain entry into the home. Also, fingerprints were obtained from the coin cannister and the bicycle handlebars.
On the morning of October 13, 1983, while on routine patrol in the same area of the city, Millican observed the individual he had pursued on September 20 riding a bicycle on North Street. He stopped him and learned that his name was Warren Robinson and that he lived near the area where Millican had previously chased him. This information was turned over to the detectives handling the rape investigation, and defendant was arrested the next day. A search was conducted of defendant's residence. A cap and a pair of pants were seized.

ASSIGNMENTS OF ERROR NUMBERS 1 and 5
In these assignments of error, defendant raises the issue of ineffectiveness of trial counsel. A claim of ineffective counsel is more properly raised by an application for a writ of habeas corpus in the trial court where a full evidentiary hearing may be conducted. State v. Craddock, 435 So.2d 1110 (La.App. 1st Cir.1983). However, where the record discloses sufficient evidence to decide the issue of ineffective assistance of counsel when raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La. 1983); State v. Bourgeois, 451 So.2d 172 (La.App. 1st Cir.1984), writ denied, 457 So.2d 18 (La.1984).
Recently, in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the U.S. Supreme Court set the standard for review of effectiveness of counsel. The court pointed out that all the Federal Courts of Appeal and all but a few state courts have now adopted the "reasonably effective assistance" standard in one formulation or another. Louisiana courts are among those which have adopted this standard. State v. Ratcliff, 416 So.2d 528 (La.1982).
In Strickland, the court found that a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
104 S.Ct. at 2064.
The court went on to say:
Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.
104 S.Ct. at 2069, 2070.
Failure to make the required showing of either deficient performance or sufficient *1039 prejudice defeats the ineffectiveness claim. In the instant case, there is enough evidence in the record to determine that defendant's case was not prejudiced to the extent that the outcome would have been any different had counsel handled the case as defendant suggests he should have.
In assignment of error number 1, defendant states his trial attorney erred in failing to file a motion to suppress evidence seized from defendant at the time of his arrest.
This assignment of error is without foundation, as no evidence was seized from defendant at the time of his arrest.
In assignment of error number 5, defendant argues his trial attorney erred in not requiring a fingerprint expert to take defendant's fingerprints in open court and compare them with the fingerprints discovered on various items related to the crime.
Martha Hilburn was admitted as an expert in fingerprint identification and classification. She was employed by the Louisiana State Police in 1966 and has been involved in fingerprint identification since that date. Defendant did not challenge Ms. Hilburn's qualifications as an expert. Her testimony at trial that the fingerprints on the crime-related objects were those of defendant stands uncontested.
These assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant argues the trial judge erred in denying defendant's motion for a recess to allow the victim to regain her composure. Defendant contends this prejudiced the jury toward him.
The decision on a motion for recess is within the sound discretion of the trial court and will not be reversed in the absence of a showing of abuse. State v. Williams, 458 So.2d 1315 (La.App. 1st Cir. 1984), writ denied, 463 So.2d 1317 (La. 1985). Furthermore, matters pertaining to the conduct of trial are within the sound discretion of the trial court. LSA-C.Cr.P. art. 17; State v. Mack, 435 So.2d 557 (La. App. 1st Cir.1983), writ denied, 440 So.2d 727 (La.1983).
While testifying about the details of the rape, the victim became distraught and the court recessed until she was able to continue her testimony. A very short time after resuming her testimony, she again became distressed, and defense counsel objected to "these outbursts by the witness." After the objection was overruled, the victim quickly regained her composure and was able to respond to questions without further interruption.
A careful review of the record reveals no abuse of the broad discretion granted the trial judge. On the contrary, the proceedings were conducted with dignity and in an orderly and expeditious manner.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 3
Defendant argues the trial judge erred in allowing certain articles into evidence (specifically, the knife, a roll of wire, and clothing seized from defendant's residence) because the State failed to establish sufficient connexity between the articles and the crime.
Defendant's complaint as to the admissibility of the coil of wire was waived by permitting its introduction without objection at trial. LSA-C.Cr.P. art. 841; State v. Hoffpauir, 355 So.2d 929 (La. 1978); State v. Myles, 439 So.2d 650 (La. App. 1st Cir.1983).
Moreover, defense counsel's objections at trial were grounded on the failure of the State to establish a proper chain of custody, not on connexity. A new basis for objection cannot be raised for the first time on appeal. State v. Fowlkes, 352 So.2d 208 (La.1977); State v. James, 459 So.2d 1299 (La.App. 1st Cir.1984), writ denied, 463 So.2d 600 (La.1985).
Nevertheless, we shall treat this assignment of error as if connexity were the basis for the objection at trial.
*1040 Before an object can be admitted into evidence, a foundation must be laid which establishes that it is more probable than not that the evidence is connected with the case and that the evidence has some relevance which the trial court considers sufficient to warrant its introduction. That foundation can be laid by establishing a chain of custody or by visual identification. Once that foundation is established, ultimate connexity is a factual matter to be determined by the jury. State v. Prestridge, 399 So.2d 564 (La.1981); State v. Robertson, 441 So.2d 1281 (La.App. 1st Cir. 1983), writ denied, 446 So.2d 314 (La.1984). The ruling of the trial court relative to admissibility will not be disturbed on appeal unless there has been an abuse of discretion. State v. Prestridge, 399 So.2d 564.
At trial, Officer Charles Mondrick testified that he found the knife inside the fenced area through which defendant escaped from Officer Millican. It was less than 100 yards from the spot where Millican had chased defendant off the bicycle. Mondrick had an evidence officer photograph and take charge of the knife. Millican testified that he observed a metallic object of some type in defendant's hand just prior to defendant's escape over the fence. Moreover, the victim testified that her attacker threatened her with a large knife.
Millican and Mondrick searched defendant's residence and Millican testified that a cap and a pair of pants resembling those he observed defendant wearing on September 20, 1983, were seized.
At trial, the knife was positively identified as the one found in the fenced yard, and the clothes were positively identified as those seized from defendant's residence.
The facts amply establish a more probable than not connection between the knife, the clothes, and the crime. The trial court did not abuse its discretion in admitting the articles into evidence. This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 4
Defendant argues that the evidence does not support the conviction. Specifically, defendant alleges the State failed to establish that the victim was actually raped, and even if a rape occurred, the State failed to establish that defendant was the perpetrator.
Dr. Thomas Sparks examined the victim on the day of the incident. He testified that no sperm was found, but that this was not highly unusual in a rape case. He further testified that there were abrasions present which indicated some type of trauma to the vagina. Additionally, the testimony of a victim of a rape is sufficient to establish sexual penetration. State v. Rives, 407 So.2d 1195 (La.1981); State v. Norman, 448 So.2d 246 (La.App. 1st Cir. 1984), reversed on other grounds, 452 So.2d 1178 (La.1984).
The evidence establishes unequivocally that the victim was raped.
Regarding defendant's identity, the victim could not identify defendant as her assailant because the attacker was wearing a stocking mask. However, Millican made an in-court identification of defendant as the person who eluded him on September 20, 1983. Furthermore, as previously discussed, there was ample fingerprint evidence to connect defendant with this crime. None of defendant's witnesses could account for his whereabouts on the night of the crime with any degree of certainty. Defendant took the stand in his own behalf. On direct examination, he denied the rape and testified that he had never been to the victim's home. When asked to explain the testimony concerning the presence of his fingerprints on the victim's window screen, defendant indicated that the State's witnesses lied.
The applicable standard for reviewing sufficiency is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the essential elements of the crime were proven beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. *1041 Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983). The evidence presented herein is sufficient under this standard of review.
This assignment of error is without merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.