McDonald, j.
 

 |2The defendant, William D. Hines, was charged by amended bill of information with one count of aggravated burglary,
 
 [1]
 
 a violation of La. R.S. 14:60, and pled not guilty.
 
 [2]
 
 Following a jury trial, he was
 
 *1122
 
 found guilty as charged by unanimous verdict. He was sentenced to twenty-two years at hard labor, “enhanced by three years for the fact that the victim was over 65.”
 
 See
 
 La. R.S. 14:50.2. The court ordered that the sentences be served consecutively to each other. The defendant moved for reconsideration of sentence, but the motion was denied. He now appeals, contending the trial court erred in denying the motion for mistrial or request for admonishment of the jury. For the following reasons, we affirm the conviction and affirm the sentence imposed under La. R.S. 14:60, but vacate the sentence imposed under La. R.S. 14:50.2.
 

 FACTS
 

 During the morning of October 15, 2007, the victim, Virginia Watson, answered a knock on the front door of her home in Bayou Black. Watson’s daughter and son-in-law also lived at the residence, but were not present during the incident. Watson asked who was there and opened the door to see if it was her daughter or granddaughter. She was confronted by a man with a gun and another man who was wearing a scai'f over his face. The victim tried to close the door, but the men forced their way into the home stating, “where the money.” The man with the gun tied the victim’s hands together with plastic straps and told her to sit down and be quiet. Thé other man kicked doors open and ransacked the house. After |sthe man searching the house did not find what he was looking for, he asked the victim, “where’s the money that Mike had here?”
 
 [3]
 
 The victim replied she was not aware that any money was in the house, and the men left without taking anything.
 

 After the men left, the victim used the automatic dialing feature on her cellular telephone to call for help. Approximately fifteen minutes later, the defendant, Dennis Livings, and a woman were apprehended and brought to Bayou Black Recreation Center for possible identification by the victim. The victim identified Livings as the man with the gun.
 

 The defendant did not testify at trial, but the State played an audiotape of a statement he gave on October 15, 2007. At the beginning of his statement, the defendant indicated he had been advised of his Miranda
 
 [4]
 
 rights and had waived those rights. He denied he was being forced to make a statement. He claimed he, his wife, Donna Hines, and Livings had traveled from Texas to the victim’s home to recover between $500,000.00 and $1,000,000.00, supposedly in the victim’s home. He claimed he and Livings were surprised when the victim answered the knock on her door, and their original plan had been to “go in the house, look for the money, find it, and burn off.” The defendant claimed he was the man who ransacked the house. He claimed he did not know that Livings had a gun or that he tied up the victim. At the end of his statement, the defendant again denied he was being forced to make a statement and indicated his statement was the truth. He then stated, “[t]he only thing I have to add is that my wife don’t have anything to do with this.”
 

 \ MOTION FOR MISTRIAL
 

 In his sole assignment of error, the defendant argues the trial court erred in denying the motion for mistrial or request for admonishment of the jury because during rebuttal closing argument, on three occasions, the State improperly commented on the defendant’s failure to present evidence.
 

 
 *1123
 
 Louisiana Code of Criminal Procedure article 770, in pertinent part, provides:
 

 Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the ... district attorney, ... during the trial or in argument, refers directly or indirectly to:
 

 (3) The failure of the defendant to testify in his own defense;
 

 An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
 

 Louisiana Code of Criminal Procedure article 770(3) prohibits both direct and indirect references to the defendant’s failure to testify. Even without these statutory prohibitions, the United States Supreme Court has held that a prosecutor is not free to comment upon a defendant’s failure to take the stand since such a comment violates the self-incrimination clause of the Fifth Amendment made applicable to the states through the Fourteenth Amendment.
 
 State v. Moser,
 
 588 So.2d 1243, 1247 (La.App. 1st Cir.1991),
 
 writ denied,
 
 594 So.2d 1314 (La.1992) (citing
 
 Griffin v. California,
 
 380 U.S. 609, 612-13, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106 (1965)).
 

 When the prosecutor makes a direct reference to the defendant’s failure to take the stand, a mistrial should be declared. In the case of such a direct reference, a | ¿reviewing court will not attempt to determine the effect that the remark had on the jury.
 
 Moser,
 
 588 So.2d at 1247.
 

 Where the reference to the defendant’s failure to testify is not direct, the reviewing court will inquire into the remark’s intended effect upon the jury in order to distinguish indirect references to the defendant’s failure to testify (which are impermissible) from general statements that the prosecution’s case is unrebutted (which are permissible).
 
 Moser,
 
 588 So.2d at 1247.
 

 According to the Louisiana Supreme Court, when the jurisprudence speaks of the need to ascertain the “intention” of a prosecutor’s reference to the unrebutted nature of the state’s case, the jurisprudence does not envision the impossible task of reading what was actually in the prosecutor’s mind at the time the reference was made. Instead, the test to be employed for determining the “intent” of such a reference, set forth in
 
 Moser,
 
 588 So.2d at 1247, is as follows.
 

 In cases where the prosecutor simply emphasized that the state’s evidence was unrebutted, and there were witnesses
 
 other than the defendant
 
 who could have testified on behalf of the defense but did not do so, the Louisiana Supreme Court has concluded that the prosecutor’s argument does not constitute an indirect reference to the defendant’s failure to testify. On the other hand, where the defendant is the only witness who could have rebutted the state’s evidence, a reference to the testimony as uncontroverted or unrebutted focuses the jury’s attention on the defendant’s failure to testify and mandates a mistrial.
 
 Moser,
 
 588 So.2d at 1247 (referencing
 
 State v. Johnson,
 
 541 So.2d 818, 822 (La.1989)). In order to support the granting of a mistrial, the inference must be plain that the remark was intended to focus the jury’s attention on the defendant’s not testifying.
 
 State v. Mitchell,
 
 2000-1399, p. 5 (La.2/21/01), 779 So.2d 698, 701.
 

 |fiThe defendant in
 
 Johnson
 
 was convicted of two counts of first degree murder.
 
 *1124
 

 Johnson,
 
 541 So.2d at 820-21. He did not testify at trial.
 
 Johnson,
 
 541 So.2d at 822. During guilt-phase rebuttal closing argument, the State referenced the fact that the defendant had made statements to several people implicating himself in the deaths of the victims and argued:
 

 I will submit to you that there can be no better evidence in a criminal proceeding but that evidence from the defendant’s own mouth, not contradicted by anybody.
 
 Nobody came here and contradicted anything that was attributed to him, not one single person. Nobody took the stand.
 

 Johnson,
 
 541 So.2d at 822 (emphasis in original).
 

 The court in
 
 Johnson
 
 found the State had indirectly referred to the defendant’s failure to take the stand in violation of La.C.Cr.P. art. 770(8) because, “the only person who could have contradicted the testimony of [the witnesses who said the defendant told them he committed the crimes] about what the defendant told them was the defendant himself.”
 
 Johnson,
 
 541 So.2d at 823.
 

 In the instant case, the State played a portion of the defendant’s audio-taped statement during closing argument and argued the defendant had admitted he went into the victim’s house and “doors were kicked open.” The State also argued there was “not one bit of evidence that was introduced that said that this was not an unauthorized entry of an inhabited dwelling[,]” and “[t]here was no evidence introduced that there was no battery that occurred — that there was no intentional use of force or violence upon [the victim].”
 

 During its closing argument, the defense argued the defendant’s audiotaped statement should be disregarded because it “was not freely and voluntarily made.” The defense argued that during the interrogation of the defendant, Detective Brunet told the defendant that his wife, Donna Hines (Donna), had already given a statement and brought her into the interrogation room to show the defendant that 17Ponna was in custody. The defense claimed Donna was released because, “[the defendant] made a deal with Brunet. Okay, I will talk to you if you let my wife go.”
 

 On rebuttal closing argument, the State argued:
 

 But, what is real important, and I have told you earlier, what I say is not evidence; what [defense counsel argues] is not evidence; it is what comes from the witness stand. And I just want to touch bases on several things that were mentioned by [defense counsel]. One is about the [a]dvice of [r]ights. They are trying to make it a big deal that the statement was not voluntary; and that he made a deal with the police officers that if he gave a statement, that they were going to let the wife go. Where is that evidence coming from? There was no evidence about that whatsoever. That is something that was said in [closing [arguments, but there is no evidence to prove it.
 

 But there is no evidence, whatsoever, that his statement was under coercion, force, or any promises or threats were being made. He had ample opportunity to 1) not to speak to the police. He signed a form agreeing he would speak. And then you heard in his own words, at the beginning of the statement and at the end of the recorded statement that he was not promised anything; nothing was threatened and that he gave a statement freely and voluntarily.
 

 Also, mentioned that they went there, and you should not find [the defendant]
 
 *1125
 
 guilty because they went in there to get that [sic] belonged to them. I didn’t hear any evidence presented from the witness stand that anything in that house belonged to [the defendant]; nothing in that house belonged to Dennis Livings; nothing — as a matter of fact, in the [closing, they were talking about the cocaine that somebody had, that Michael Crawford had; and they were trying to get cocaine back. That was in [c]losing. That is not the evidence.
 

 After the completion of the rebuttal closing argument, the defense moved for a mistrial, or in the alternative, for an admonishment. The defense argued the State had referred to the defendant not taking the witness stand by arguing there was not one piece of evidence introduced that this was not an unauthorized entry of an inhabited dwelling. The defense added, “[further, [the State] also said that there was no evidence introduced that was not a simple battery.” The Court denied the | ^motion for mistrial and also refused to admonish the jury. The defense objected to the court’s ruling.
 

 Initially, we note the defense failed to object to the particular portions of rebuttal closing argument (quoted above) he challenges on appeal. Accordingly, he failed to preserve review of the closing argument for error, if any.
 
 See
 
 La.C.Cr.P. art. 841(A) (“An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.”).
 

 Moreover, the trial court correctly denied the motion for mistrial and request for admonishment. The State did not directly or indirectly refer to the defendant’s failure to testify. Rather, the State pointed out to the jury that the defense closing argument was merely that — argument and not evidence. The State had the right to answer the argument of the defendant. See La.C.Cr.P. art. 774 (“The argument shall be confined ... to the lack of evidence^] ... The state’s rebuttal shall be confined to answering the argument of the defendant.”). Further, the defendant was not the only witness that could have rebutted the State’s evidence concerning the voluntariness of his audiotaped statement. Detective Brunet and Captain Wolfe were present during the entire interview with the defendant. Indeed, the defense thoroughly cross-examined Detective Brunet concerning whether or not the defendant’s statement was given in exchange for the release of his wife. In regard to the argument that the defendant or his accomplice had some legitimate claim to items in the victim’s house, the defense cross-examined the victim concerning whether or not her grandson had drugs or money in her house.
 
 See State v. Steele,
 
 2001-1414, pp. 11-14 (La.App. 5th Cir.9/30/02), 829 So.2d 541, 549-50,
 
 writ denied,
 
 2002-2992 (La.9/19/03), 853 So.2d 632 (“The remarks by the prosecutor in closing were not made to suggest that the defendant failed to testify at trial but to counter the defense suggestion that the shooting was in self-defense .... Moreover, a |9review of the full text of the argument indicates that the intent of the prosecutor was to inform the jury of ‘the lack of evidence’ to support defendant’s position.... Stated another way, the prosecutor’s argument illustrated for the jury that its case was unrebutted. Such an argument is permissible within the parameters of [La.C.Cr.P.] art. 774.”).
 

 This assignment of error is without merit.
 

 REVIEW FOR ERROR
 

 Initially, we note that our review for error is pursuant to La. C.Cr.P. art. 920, which provides that the only matters to be considered on appeal are errors designated in the assignments of error and “error that is discoverable by a mere inspection of the
 
 *1126
 
 pleadings and proceedings and without inspection of the evidence.” La.C.Cr.P. art. 920(2).
 

 The sentencing minutes in this case indicate the trial court sentenced the defendant to twenty-two years at hard labor “enhanced by 3 years for the fact that the victim was over 65.” At sentencing, the State advised the trial court, “[the defendant] went to trial on a charge of aggravated burglary against a person over the age of sixty-five and he was found guilty of that matter.” At the hearing on the motion to reconsider sentence, defense counsel set forth the defendant had been sentenced under La. R.S. 14:60 and La. R.S. 14:50.2.
 

 The court in its discretion may sentence, in addition to any other penalty provided by law, any person who is convicted of a crime of violence or an attempt to commit any of the crimes as defined in R.S. 14:2(B) with the exception of first degree murder (R.S. 14:30), second degree murder (R.S. 14:30.1), aggravated assault (R.S. 14:37), aggravated rape (R.S. 14:42) and aggravated kidnapping (R.S. 14:44), to an additional three years’ imprisonment when the victim of such crime is sixty-five years of age or older at the time the crime is committed. La. | iqR.S. 14:50.2. Aggravated burglary is a crime of violence as defined in La. R.S. 14:2(B).
 
 See
 
 La. R.S. 14:2(B)(20).
 

 Any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 476, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000);
 
 Jones v. United States,
 
 526 U.S. 227, 243 n. 6, 119 S.Ct. 1215, 1224 n. 6, 143 L.Ed.2d 311 (1999). Additional elements of an offense must be charged in the indictment, submitted to a jury, and proven by the government beyond a reasonable doubt.
 
 Jones,
 
 526 U.S. at 232, 119 S.Ct. at 1219. The statutory maximum for
 
 Apprendi
 
 purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.
 
 Blakely v. Washington,
 
 542 U.S. 296, 303, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004);
 
 State v. Hardeman,
 
 2004-0760, p. 10 (La.App. 1st Cir.2/18/05), 906 So.2d 616, 626.
 

 The sentence imposed under La. R.S. 14:50.2 in this matter was unsupported by facts reflected in the jury verdict or admitted by the defendant. The bill of information originally charged the defendant with burglary of the victim’s residence and set forth the victim was over the age of sixty-five. The original bill also included citation to both La. R.S. 14:60 and La. R.S. 14:50.2. The State, however, amended the bill prior to trial to delete reference to the victim’s age and to La. R.S. 14:50.2. Further, the court did not charge the jury on La. R.S. 14:50.2 and the responsive verdicts submitted to the jury for consideration did not reference the age of the victim. Additionally, contrary to the position of the State at sentencing, the jury returned a verdict of “Guilty of aggravated [b]urglary[,]” and made no finding on whether or not the victim was sixty-five years of age or older at the time the crime was committed.
 

 |„We are aware of
 
 State v. Armour,
 
 2003-1882 (La.App. 4th Cir.4/28/04), 874 So.2d 304, wherein the court affirmed a sentence of eighteen years at hard labor under La. R.S. 14:65.1(B) (purse snatching) enhanced under La. R.S. 15:529.1(A)(l)(a) (second-felony habitual offender), which “expressly included” an additional sentence of three years under La. R.S. 14:50.2.
 
 Armour,
 
 however, was rendered prior to
 
 Blakely,
 
 which we find controlling in this case. Accordingly, the
 
 *1127
 
 enhanced sentence of three years imposed under La. R.S. 14:50.2 is hereby vacated.
 

 CONVICTION AFFIRMED; SENTENCE IMPOSED UNDER LA. R.S. 14:60 AFFIRMED; SENTENCE IMPOSED UNDER LA. R.S. 14:50.2 VACATED.
 

 [1]
 

 . The amended bill charged "burglary,” in violation of La. R.S. 14:60 (aggravated burglary). The defendant was arraigned on aggravated burglary.
 

 [2]
 

 . Dennis Len Livings was also charged by the same bill of information with the same offense. He was not tried with the defendant.
 

 [3]
 

 . The victim testified her grandson’s name is Michael Crawford.
 

 [4]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).