CRAIN, J.,
concurring.
1,1 join in the majority opinion in all respects but write separately to address a sentencing error under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), identified while reviewing for error pursuant to Louisiana Code of Civil Procedure article 920.
The trial court added three years to the defendant’s sentence pursuant to Louisiana Revised Statute 14:50.2 because the victim was sixty-five years of age or older at the time the crime was committed. The verdict form does not reflect a finding by the jury regarding the age of the victim and that fact was not admitted by the defendant. Any fact, other than a prior conviction, that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt. Apprendi, 530 U.S. at 476, 120 S.Ct. 2348. The statutory maximum sentence for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely, 542 U.S. 296, 303, 124 S.Ct. 2531 (2004); State v. Bines, 10-1118 (La.App. 1 Cir. 12/22/10), 52 So.3d 1120, 1126.
*761 The verdict form reflects only that the jury found the defendant guilty of simple kidnapping, a violation of Louisiana Revised Statute 14:45 which is subject to a maximum sentence of imprisonment of five years, with or without hard labor, and a fine of not more than five thousand dollars. La. R.S. 14:45B. The trial court sentenced the defendant to the maximum of five years imprisonment, then utilized | ^Section 50.2 to add three more years to the sentence. Defense counsel objected to the enhancement. Under these circumstances, an Apprendi violation occurred.
However, the failure to submit a sentencing factor to the jury, like the failure to submit an element of the offense to the jury, is not structural error and remains subject to harmless error analysis. Washington v. Recuenco, 548 U.S. 212, 221, 126 S.Ct. 2546, 165 L.Ed.2d 466; State v. Gibson, 09-486 (La.App. 5 Cir. 3/9/10), 38 So.3d 373, 381, writ denied, 10-0802 (La.11/5/10), 50 So.3d 814. Where a reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the error is properly found to be harmless. Neder v. United States, 527 U.S. 1, 17, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).
In this case, the State introduced in evidence a statement signed by the victim showing her date of birth to be January 21,1938, making her 73 years old when the offense occurred. In light of this uncontested evidence, I find that the Apprendi violation was harmless error.